AUSA Nathalina A. Hudson, (312) 353-1123

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

UNITED STATES OF AMERICA

v.

MARTHA DELGADO

CRIMINAL COMPLAINT

CASE NUMBER: **08CR    664**

UNDER SEAL (650)

I, Jim Laverty, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about August 19, 2008, in Cook County, in the Northern District of Illinois, the defendant herein:

knowingly and intentionally possessed with the intent to distribute a controlled substance, namely, more than One kilograms of mixtures and substances containing heroin, a Schedule I Narcotic Drug Controlled Substance,

in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent of the Drug Enforcement Administration ("DEA") and that this complaint is based upon the following facts:

See Attached Affidavit.
Continued on the attached sheet and made a part hereof:    X   Yes         No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

August 19, 2008
Date

at Chicago, Illinois
City and State

GERALDINE SOAT BROWN
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# FILED

NF

AUG 19 2008
AUG 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF COOK           )

## **AFFIDAVIT**

I, James Laverty, being duly sworn, depose and state as follows:

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed by the DEA for approximately twelve years. In connection with my official DEA duties, I am currently assigned to a Heroin Trafficking Enforcement Group as part of the DEA Chicago Field Division, and have been so assigned for approximately the past three years. As part of my duties, I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of narcotics trafficking, and of the laundering and concealing of proceeds of drug trafficking defendants. I have received specialized training in the enforcement of narcotics trafficking laws. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

2.      I have received specialized training in the enforcement of laws concerning controlled substances including, but not limited to, instruction in the areas of drug identification, investigative techniques, criminal law, undercover operations, informant development and handling, physical and electronic surveillance, and debriefing defendants, witnesses and informants, as well as various methods and procedures utilized by drug organizations to illegally

1

import, transport, and distribute controlled substances and to launder and conceal proceeds related to drug trafficking.

3.    The information contained in this affidavit is based on my personal observations, information related to me by sworn agents and law enforcement officers, and my training and experience in the investigation of narcotics trafficking.  I submit the following facts which establish probable cause to believe that MARTHA DELGADO has committed a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute heroin).

4.    This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, and does not contain all of the facts known to me in regard to the individuals and events described herein.

**INVESTIGATION**

5.    In 2007, I and other agents were investigating a heroin trafficking organization in Chicago.  As part of that investigation, we developed a confidential source ("CS1").  CS1 told me he had supplied heroin to a woman he knew as "La Mona."  In approximately Fall 2007, agents surveilled a meeting between La Mona and CS1, in which CS1 attempted to sell heroin to La Mona.  Following this meeting, agents followed La Mona back to her residence at 2801 N. Campbell in Chicago, Illinois.

6.    On August 19, 2008,  the Affiant, as well as other agents, went to an apartment located at 2108 N. Campbell, 2nd floor, Chicago, Illinois in an effort to interview the residents and to possibly obtain consent to search the apartment..  I observed the name "DELGADO" on the 2nd floor mailbox.  At approximately 9:30 a.m., the  Affiant entered the common area of the

2

apartment building and walked up to the second floor and listened at the door of the apartment. The Affiant could hear people talking inside, carrying on a normal conversation. The Affiant knocked on the door and announced "police" in Spanish. The Affiant heard the conversation cease and then could hear people scrambling about inside the apartment.

7.    About a minute or so later, agents positioned outside the building observed, a Hispanic male flee from the back of the apartment while carrying a black duffle bag. Agents, including the Affiant, chased after him. The Affiant chased the man, and apprehended him in a front yard a couple of houses away from the apartment building from where he first fled. The man complained of pain and injuries and one of his ankles was swollen. The Affiant checked the man for weapons and then summoned an ambulance for him. The Affiant observed that the man wasn't wearing any shoes. The Affiant later observed one flip flop shoe wedged near the top of a tall, black metal, wrought iron gate that is connected to the apartment building for 2801 N. Campbell. The Affiant also observed the second flip flop shoe on the sidewalk near the tall gate. An agent who was surveilling the rear of the building told me he has observed the man hurl himself over this gate, which is at least eight feet high, while fleeing with the black bag.

8.    At about the same time, another agent who was canvassing the ground along the route he ran recovered the black duffle bag the man was seen carrying when he fled the apartment building. The Affiant opened the black bag and saw four shoes in the bag and observed that each of the shoes contained a package hidden under the sole, cut to the shape of the shoe, containing suspected heroin. Agents field tested and weighed the powder in one of the packages, and it tested positive for heroin. Each package weighs approximately 600 grams. In

3

my training and experience, I know 600 grams of heroin is not a quantity for personal use, but rather a quantity for distribution.

9.      Agents went back to the apartment building at 2801 N. Campbell and encountered a woman I know from prior surveillance to be La Mona leaving a rear exit to the building while carrying a duffle bag containing miscellaneous clothing. After speaking with her for a while she stated she wished to cooperate with investigators and gave verbal and written consent, (written in Spanish) for her apartment (2801 N. Campbell, 2nd floor) to be searched.

10.     During the consensual search of the apartment, four more shoes were seized, each of which contained approximately 600 grams of a white powder suspected to be  heroin concealed, in the sole of each of the shoes. The powder was packaged in the same manner as the heroin recovered from the male.  Agents also recovered two additional kilogram-sized bricks of suspected heroin from the apartment, as well as scales, packaging materials, drug ledgers, stacks of U.S. Currency, and additional suspected heroin, already packaged for delivery.  In addition, agents seized numerous miscellaneous documents with the names of MARTHA DELGADO on the documents, including Colombian passports containing photographs of DELGADO.   I recognized the passport photo of DELGADO to match the woman who we had followed to that apartment building from the meeting with CS1.

### CONCLUSION

11.     Based on the foregoing, I believe there exists probable cause to believe that MARTHA DELGADO knowingly and intentionally possess with the intent to distribute mixtures and substances containing heroin, namely, in excess of 1 kilogram of heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

4

JAMES LAVERTY
Special Agent
Drug Enforcement Administration


Subscribed to and sworn

before me this 19th day of August 2008

GERALDINE SOAT BROWN
United States Magistrate Judge

5